# EXHIBIT B

# Complaint to Trans Union, LLC

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

GLORIA COOKE
10201 CASCADE LANE
LARGO, MD 20774

    Plaintiff,

v.                                                                  Case No. _____

EXPERIAN INFORMATION SOLUTIONS, INC.
**Serve:** THE CORPORATION TRUST INCORPORATED
      2405 YORK ROAD, SUITE 201
      LUTHERVILLE TIMONIUM MD 21093

    Defendant,

TRANS UNION, LLC
**Serve:** CSC-LAWYERS INCORP. SRVC CO.
      7 SAINT PAUL STREET, SUITE 1660
      BALTIMORE, MD 21202

    Defendant,

EQUIFAX INFORMATION SERVICES, LLC
**Serve:** CSC-LAWYERS INCORP. SRVC CO.
      7 SAINT PAUL STREET, SUITE 1660
      BALTIMORE, MD 21202

    Defendant.

## COMPLAINT AND JURY DEMAND

The Plaintiff, Gloria Cooke, files suit against defendants Trans Union, LLC ("TransUnion"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services, LLC ("Equifax") and alleges as follows:

### PRELIMINARY STATEMENT

1.     This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. ("FCRA").

1

## PARTIES TO THIS ACTION

2. Gloria Cooke is a natural person who resides in the state of Maryland.

3. TransUnion is a credit reporting agency that prepares and sells credit information.

4. Experian is a credit reporting agency that prepares and sells credit information.

5. Equifax is a credit reporting agency that prepares and sells credit information.

## FACTUAL ALLEGATIONS

6. Ms. Cooke's credit reports with Defendants contain(ed) inaccurate tradelines, including mortgage loan tradelines with Carrington Mortgage Services ("CMS"), Bank of America, N.A. ("BoA") and JPMorgan Chase Bank, N.A. ("JPMC").

7. Each of the Defendants reported a JPMC mortgage loan tradeline, which contained an inaccurate payment history, loan status and dispute status. The payment history was inaccurate because Defendants reported the account delinquent in months that should not have been reported delinquent and/or failed to reflect that Plaintiff attempted to pay the debt but JPMC caused any non-payment. Additionally, the status was inaccurate because the account, which is an open account, was reported as closed. Further, the reported information was incomplete and/or inaccurate because the Date of First Delinquency was omitted, and there was no notation that the account was disputed.

8. Plaintiff disputed the debt, but Defendants failed to investigate Plaintiff's disputes. Instead of investigating Plaintiff's disputes, the Defendants merely forwarded—via an ACDV—notice of the disputes to JPMC. The Defendants parroted JPMC's response to the disputes.

9. Defendants failed to include all relevant information in the ACDV to JPMC and therefore, Defendants knew that JPMC's response to the ACDV would not address all the relevant issues needed to investigate Plaintiff's disputes. Therefore, Defendants knew, or should have known, that the disputed information was not verified as accurate.

10. Each of the Defendants reported a BoA mortgage loan tradeline which contained an inaccurate payment history, payment status and dispute status. The payment history and status were inaccurate because Defendants omitted payments by Plaintiff. Additionally, the status was inaccurate because the account, which is an open account, was reported as closed. Further, the reported information was incomplete and/or inaccurate because the Date of First Delinquency was omitted, and there was no notation that the account was disputed.

11. Plaintiff disputed the debt, but Defendants failed to investigate Plaintiff's dispute. Instead of investigating Plaintiff's disputes, the Defendants merely forwarded—via an ACDV—notice of the disputes to BoA. The Defendants parroted BoA's response to the disputes.

12. Defendants failed to include all relevant information in the ACDV to BoA and therefore, Defendants knew that BoA's response to the ACDV would not address all the relevant issues needed to investigate Plaintiff's disputes. Therefore, Defendants knew, or should have known, that the disputed information was not verified as accurate.

13. Each of the Defendants reported a CMS mortgage loan tradeline, which contained an inaccurate payment history and status, inaccurate past due amount and balance, and an inaccurate dispute status. The payment history and status were inaccurate, incomplete or misleading because Defendants reported that there was no payment in months that Plaintiff sent a

payment. Defendants' reporting of the past due amount and balance were inaccurate because they were substantially in excess of the amount owed.

14.     Plaintiff disputed the debt, but Defendants failed to investigate Plaintiff's disputes. Instead of investigating Plaintiff's disputes, the Defendants merely forwarded—via an ACDV—notice of the disputes to CMS. The Defendants parroted CMS' response to the disputes.

15.     Defendants failed to include all relevant information in the ACDV to CMS and therefore, Defendants knew that CMS' response to the ACDV would not address all the relevant issues needed to investigate Plaintiff's dispute. Therefore, Defendants knew, or should have known, that the disputed information was not verified as accurate.

## COUNT ONE: VIOLATION OF 15 U.S.C. § 1681e(b)

16.     Plaintiff incorporates paragraphs 1 through 15.

17.     Defendants blindly relied on CMS for credit reports that they prepared and disseminated to third parties. Defendants' blind reliance on CMS was unreasonable because CMS is not a reliable source of information.

18.     Defendants do not consider any information outside of information that they receive from the furnisher or another credit reporting agency when the Defendants prepare credit reports for dissemination to third parties. Defendants' failure to consider information that they received from sources other than the furnisher is not a reasonable procedure to assure maximum possible accuracy in the preparation of Plaintiff's credit reports. Defendants received information from Plaintiff but failed to consider the information in their preparation of Plaintiff's credit reports.

19.     Defendants prepared and disseminated Plaintiff's credit reports without reporting the disputed tradelines as disputed *after* fielding numerous disputes from Plaintiff.

20. Defendants violated 15 U.S.C. § 1681e(b) by blindly relying on CMS, failing to consider information from Plaintiff and omitting Plaintiff disputed derogatory information in credit reports on Plaintiff that Defendants prepared and disseminated to third parties.

21. As a result of Defendants' violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: expended money and time to correct the report, loss of credit opportunity, damage to her reputation, frustration, embarrassment, humiliation and other mental and/or emotional distress.

22. The violations by the Defendants were willful, rendering each of the Defendants individually liable for statutory and punitive damages, actual damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendants were negligent, which entitles Plaintiff to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

### COUNT TWO: VIOLATION OF 15 U.S.C. § 1681i(a)

23. Plaintiff incorporates paragraphs 1 through 22.

24. Section 1681i(a)(1) mandates that Defendants investigate Plaintiff's disputes and report the results of their investigation.

25. Despite Defendants' obligation under section 1681i(a)(1) to investigate a consumer's dispute, the Defendants have established a practice of relying on the furnisher to investigate consumers' disputes and Defendants rarely, if ever, conduct their own investigation.

26. Defendants violated section 1681i(a)(1) by failing to conduct their own investigation of the disputes they received from Plaintiff.

27. Section 1681i(a)(2)(A) mandates that Defendants provide notice of all relevant information in Plaintiff's dispute to the furnisher of the information being disputed by Plaintiff.

28. Notwithstanding Defendants' obligation under section 1681i(a)(2) to provide <u>all</u> the relevant information in a consumer's dispute to the furnisher, the Defendants' have made a practice of omitting relevant information in a consumer's dispute when they transcribe the consumer's dispute into an ACDV that is forwarded to the furnishers.

29. Defendants violated section 1681i(a)(2) by failing to provide the furnishers with <u>all</u> the relevant information in Plaintiff's disputes.

30. Section 1681i(a)(4)(A) relates to § 1681i(a)(1) and mandates that Defendants review and consider all the relevant information provided by Plaintiff when investigating her dispute.

31. Although Defendants are obligated to review and consider all the relevant information during their investigation of a consumer's dispute, the Defendants' rarely, if ever, review and consider all the relevant information in a consumer's dispute because the Defendants have adopted a practice of *not* conducting their own investigation of a consumer's dispute.

32. Defendants violated section 1681i(a)(4) by failing to review and consider all the relevant information in Plaintiff's disputes.

33. Section 1681i(a)(5)(A) mandates that Defendants delete or modify disputed information that has not been verified as accurate and complete.

34. Although Defendants are obligated to review and consider all the relevant information during their investigation of a consumer's dispute, the Defendants' rarely, if ever,

review and consider all the relevant information in a consumer's dispute because the Defendants have adopted a practice of *not* conducting their own investigation of a consumer's dispute.

35. Defendants violated section 1681i(a)(5) by failing to delete or modify the information—disputed by Plaintiff—that Defendants did not verify as accurate or complete.

36. As a result of Defendants' violations of 15 U.S.C. §§ 1681i(a)(1)-(5), Plaintiff suffered actual damages, including but not limited to: expended money and time to correct the report, loss of credit opportunity, damage to her reputation, frustration, embarrassment, humiliation and other mental and/or emotional distress.

37. The violations by the Defendants were willful, rendering each of the Defendants individually liable for statutory and punitive damages, actual damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendants were negligent, which entitles Plaintiff to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## COUNT THREE: VIOLATIONS OF 15 U.S.C. § 1681g(a)

38. Defendants Experian and Trans Union violated 15 U.S.C. § 1681g(a) by failing to furnish Plaintiff with her credit report.

39. Because Plaintiff was deprived of her credit report, Plaintiff was unable to dispute inaccurate and incomplete information that was in her credit files with Experian and Trans Union.

40. Plaintiff was frustrated with Experian's and Trans Union's refusal to provide her with the credit reports.

41.     Defendants Experian and Trans Union knew they were obligated to furnish the credit reports to Plaintiff but refused to do so. Despite knowing they were required to furnish the credit reports to Plaintiff, the Defendants knowing and/or intentionally refused to do so.

42.     Defendants are liable for actual or statutory damages and punitive damages under 15 U.S.C. § 1681n for intentionally violation section 1681g(a). Alternatively, Defendants are liable for actual damages under 15 U.S.C. § 1681o for negligently violating section 1681g(a).

## TRIAL BY JURY IS DEMANDED

73.     Plaintiff demands a trial by jury of any and all issues triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks a judgment against the Defendants for actual and/or statutory damages and punitive damages; and for attorneys' fees and costs, and such other specific or general relief the Court does find just and appropriate.

Respectfully submitted,

**GLORIA COOKE**

/s/ Quinn B. Lobato
Quinn B. Lobato, Esq
210 Grisdale Hill
Riva, MD 21140
Tel: (240) 305-4770
Email: quinn.lobato@gmail.com

*Attorney for Plaintiff Gloria Cooke*